IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM N. LEDFORD,

                Plaintiff,

v.

JUSTIN S. RIBAULT, DANIEL LAVOIE,
GINA BUONO, JAIME ADAMS,
and SHERYL KINYON,[1]

                Defendants.

OPINION and ORDER

23-cv-407-jdp

---

     Plaintiff William N. Ledford, proceeding without counsel, is currently incarcerated at Columbia Correctional Institution. Ledford alleges that when he was incarcerated at Wisconsin Secure Program Facility, a doctor discontinued treating him with Vicodin that he needed to control the severe pain from his edema.

     Several motions are before the court, including defendants' motion for partial summary judgment on exhaustion grounds, Dkt. 10, which I will grant.

ANALYSIS

**A. Exhaustion**

     Ledford proceeds on various constitutional and state-law claims, including a First Amendment retaliation claim against defendant Dr. Justin S. Ribault for discontinuing Ledford's Vicodin in December 2021 in response to Ledford filing a grievance about Ribault's

---

[1] I have amended the caption to reflect defendants' names as presented in their submissions.

treatment of an abdominal malady he suffered. Defendants move to dismiss this retaliation claim for Leford's failure to exhaust his administrative remedies concerning that claim. Dkt. 10.

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court about "prison conditions." 42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step in the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025. To exhaust administrative remedies in Wisconsin, inmates ordinarily must follow the Inmate Complaint Review System (ICRS) process as set forth in Wisconsin Administrative Code Chapter DOC 310. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by defendants. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

Defendants submit Ledford's grievance history, Dkt. 12-1, and they state that he filed two December 2021 grievances about the cancellation of his Vicodin, but in neither stated that Ribault did so to retaliate against him. *See* Dkt. 12-3 and Dkt. 12-4.

In the absence of particular grievance rule mandating more, inmates usually do not have to plead legal theories in their grievances. *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004). But a prisoner must still "provide[] notice to the prison of 'the nature of the wrong for which redress is sought.'" *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020) (quoting *Strong v.*

2

*David*, 297 F.3d 646, 650 (7th Cir. 2002)). I have concluded that "'[i]f the grievance concerns alleged retaliation, then at a minimum it must identify two things: the protected conduct that provoked the retaliation and the retaliatory act.'" *Lockett v. Goff*, No. 17-cv-93-jdp, 2017 WL 4083594, at *2 (W.D. Wis. Sept. 13, 2017) (quoting *Sheahan v. Suliene*, No. 12-cv-433-bbc, at *3–4 (W.D. Wis. May 24, 2013)). Neither of Ledford's two grievances about his Vicodin mention the protected conduct that he believes caused Ribault to retaliate against him: his grievance about Ribault's treatment of his abdomen problem. Ledford argues that given the allegations in his grievances, "retaliatory conduct is apparent and assumed." Dkt. 15, at 2.[2] I disagree: anyone reading Ledford's grievances would understand that he was complaining about Ribault's misconduct in discontinuing his Vicodin without valid reason. But there's nothing in those grievances that Ribault did so specifically to retaliate against him. I conclude that neither of those grievances alerted grievance examiners to the retaliation claim.

Ledford also argues that a different grievance exhausted his claim: the November 2021 grievance that he filed about Ribault's mistreatment of his abdominal problems. *See* Dkt. 12-2. In that grievance, Ledford states, "nor does [Ribault] and I like each other, and in my experience and opinion [Ribault] is petty, vindictive, and retaliatory." *Id.* at 13. But this grievance predates Ribault's cancellation of Leford's Vicodin—it was this grievance that Ledford believes spurred Ribault to cancel his Vicodin. His conclusory reference to Ribault's retaliatory intent about an incident predating the Vicodin cancellation at issue does not meet the exhaustion standard. I will grant defendants' motion for partial summary judgment on

---

[2] Before filing his response to defendants' exhaustion-based summary judgment motion, Ledford moved to extend his time to respond. Dkt. 13. I will grant that motion and I accept Ledford's response.

Ledford's retaliation claim. That dismissal will be without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

## B. Discovery motions

Ledford moves to compel defendants to answer his request for production of documents because they didn't send him those responses by the 30-day deadline. Dkt. 19. I will deny Ledford's motion to compel as it pertains to defendants' delay, because Ledford jumped the gun on filing that motion: he filed it before receiving defendants' prompt response to his conferral letter. And in any event he wasn't prejudiced by this relatively short delay—defendants informed him that they needed another month to compile all of the requested documents and they sent him those responses by the end of that month.

In his reply, Ledford argues that defendants' discovery responses are defective in various ways. I take Ledford to be saying that defendants unreasonably objected to some of his requests for admissions, inundated him with thousands of pages of medical records outside the specific scope of those he requested, and provided those medical records haphazardly, not in the usual order that the records are maintained in when prisoners conduct reviews of their medical file. Thes arguments weren't present in his Ledford's brief-in-chief, but rather than make Ledford submit a brand-new motion to compel, I will have defendants respond to these arguments.

Ledford also moves to compel defendant Buono to fully respond to another set of discovery requests and he seeks sanctions for counsel again not providing him all of the materials he requested within 30 days.[3] Dkt. 34. Counsel provided Buono's responses to his

---

[3] Before filing their response to Ledford's second motion to compel, defendants moved to extend their time to respond. Dkt. 37. I will grant that motion and I accept defendants' response.

4

request for admissions within 30 days but stated that they needed a couple extra weeks to respond to his interrogatories and requests for production of documents. *See* Dkt. 35-1.

As with Ledford's previous motion, he hasn't shown a good reason to sanction defendants for this short delay. The other problem with the discovery responses was that they were missing pages. But defendants state that after being alerted to the problem they sent Ledford the missing pages. I will deny this motion to compel.

Ledford moves for a protective order concerning his "medical records filed with the Court as evidence or otherwise." Dkt. 26. Ledford states that because defendants have sent him several thousand pages of medical records that he considers to be unrelated to his medical conditions at issue in this case, he is concerned about defendants submitting those records on the public docket. I will deny Ledford's motion because it is premature; defendants have not yet placed those records on the docket. Ledford's relevant medical records belong as part of the public record: any documents that "influence or underpin the judicial decision are open to public inspection unless" the documents include "trade secrets," "information covered by a recognized privilege," or "information required by statute to be maintained in confidence." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545–46 (7th Cir. 2002). Because Ledford is litigating aspects of his medical treatment, he has waived any protections that might apply to his relevant medical records. But the key word here is *relevant*. I do not expect defendants to attach thousands of pages of medical records to their eventual motion for summary judgment, and they are aware that they should not submit medical records that do not pertain to the issues in this case. If defendants later submit medical records that Ledford thinks are irrelevant to his claims, he may renew his motion.

**C. Schedule**

Both parties move for an extension of the dispositive motions deadline, Dkt. 42 and Dkt. 44. I will grant those motions and set a new dispositive motions deadline of December 6, 2024. Ledford also states that he seeks an extension of the discovery deadline, but that is already set to late February 2025, so there is no reason to adjust that date.

ORDER

IT IS ORDERED that:

1. Plaintiff William N. Ledford's motion for extension of time, Dkt. 13, is GRANTED.

2. Defendants' motion for partial summary judgment, Dkt. 10, is GRANTED.

3. Plaintiff's first motion to compel discovery, Dkt. 19, is DENIED in part.

4. Defendants may have until November 4, 2024, to respond to the arguments in plaintiff's reply to his first motion to compel, Dkt. 24. Plaintiff may have until November 12, 2024, to reply.

5. Defendants' motion for extension of time, Dkt. 37, is GRANTED.

6. Plaintiff's second motion to compel discovery, Dkt. 34, is DENIED.

7. The parties' motions to extend the dispositive motions deadline, Dkt. 42 and Dkt. 44, are GRANTED. The schedule is amended at set forth in the opinion above.

8. Plaintiff's motion to extend the discovery deadline, Dkt. 42, is DENIED.

9. Plaintiff's motion for protective order, Dkt. 26, is DENIED without prejudice.

10. Plaintiff's motion to update the status of the parties' pending motions, Dkt. 32, is DENIED as moot.

Entered October 25, 2024.

> BY THE COURT:
>
> /s/
> _____
> JAMES D. PETERSON
> District Judge