IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM N. LEDFORD,

                Plaintiff,

  v.

JUSTIN S. RIBAULT, DANIEL LAVOIE,
GINA BUONO, JAIME ADAMS,
and SHERYL KINYON,

                Defendants.

ORDER

23-cv-407-jdp

---

Plaintiff William N. Ledford, proceeding without counsel, alleges that prison staff discontinued the Vicodin that he needed to control the severe pain from his edema. Several motions are before the court.

**A. Motion to compel discovery**

In my previous order, I denied in part Ledford's motion to compel discovery, but noted that he made additional arguments in his reply martials that I considered as a new motion and that I ordered defendants to address. Ledford argues that defendants produced a large number of medical records haphazardly, not in the usual order that the records are maintained in when prisoners conduct reviews of their medical file. But defendants explain that they produced Ledford's medical records for the timeframe he asked for as those records are kept in the usual course of business, separated by category such as "progress notes" and "medication orders." That is all that is required under Federal Rule of Civil Procedure 34(b)(2)(E)(i). I will deny this portion of Ledford's motion.

Ledford also argues that defendants unreasonably objected to some of his requests for admissions on the basis that they contained inaccurate factual presumptions such as that

defendant Ribault lied to other defendants when discussing Ledford's treatment or engaged in misconduct. But defendants followed those objections by denying Leford's underlying requests. Defendants' responses are clear: they do not agree with Ledford's characterization of certain events. I'll deny Ledford's motion to compel different answers.

B.  Motions regarding the schedule

Ledford asks to stay the entire schedule and to be moved to a different prison because he was placed in "medical monitoring" status in the Health Services Unit after being diagnosed with extremely low blood sugar. Dkt. 47. Ledford believes that this placement was orchestrated by defendant Dr. Daniel Lavoie as retaliation for this lawsuit or for pursuing criminal charges against him. The parties dispute whether Ledford had access to the law library during this placement, but it is undisputed that Ledford spent only ten days in medical monitoring before returning to general population. Nothing in Ledford's motion suggest that his ability to litigate this lawsuit was materially affected by this placement. I will deny his motion to stay the schedule or for transfer.

Ledford also seeks a 90-day extension to respond to defendants' motion for summary judgment because of the voluminous materials submitted by defendants and various health problems that he has. Dkt. 65. I could not accommodate an extension of that date without striking the remaining schedule, including the April 21 trial date. And Ledford's litigation efforts thus far give me no reason to think that he would be unable to file a summary judgment response given a more modest extension. I will grant Ledford's motion for an extension in part and set a new briefing schedule in the order below.

**C. Motion for recruitment of counsel**

Ledford filed a motion for appointment of counsel, Dkt. 52, but he followed with a motion asking to withdraw that motion as mistakenly filed in this case instead of another of his cases, Dkt. 66. I will grant his motion to withdraw his motion for appointment of counsel.

ORDER

IT IS ORDERED that:

1. Plaintiff William N. Ledford's motion to compel discovery, Dkt. 24, is DENIED.

2. Plaintiff's motion to stay the schedule, Dkt. 47, is DENIED.

3. Plaintiff's motion for extension of time, Dkt. 65, is GRANTED in part. Plaintiff may have until February 7, 2025, to file his response to defendants' motion for summary judgment. Defendants may have until February 18, 2025, to file their reply.

4. Plaintiff's motion to withdraw his motion for appointment of counsel, Dkt. 66, is GRANTED. Plaintiff's motion for appointment of counsel, Dkt. 52, is WITHDRAWN.

5. Plaintiff's motion for a ruling on his motion to stay the case, Dkt. 69, is DENIED as moot.

Entered January 23, 2025.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge